IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC | § § § § | |
| Plaintiff, | § § | Case No: |
| vs. | § § | PATENT CASE |
| CENTURYLINK, INC. | § § § | |
| Defendant. | § § § | |

## COMPLAINT

Plaintiff Rothschild Broadcast Distribution Systems, LLC ("Plaintiff" or "RBDS") files this Complaint against CenturyLink, Inc. ("Defendant" or "CenturyLink") for infringement of United States Patent No. 8,856,221 (hereinafter "the '221 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with an office at 1400 Preston Road, Suite 400, Plano, Texas 75093.

4. On information and belief, Defendant is a Louisiana corporation, with its principal place of business at 100 Centurylink Drive, Monroe, LA 71203-2041.

5. On information and belief, this Court has personal jurisdiction over Defendant

because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

## VENUE

7. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.  For example, Defendant has a regular and established place of business at 6801 Gaylord Pkwy #300, Frisco, TX 75034. On information and belief, Defendant has other regular and established places of business in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO 8,856,221)

8. Plaintiff incorporates paragraphs 1-7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

10. Plaintiff is the owner by assignment of the '221 Patent with sole rights to enforce the '221 Patent and sue infringers.

11. A copy of the '221 Patent, titled "System and Method for Storing Broadcast Content in a Cloud-based Computing Environment," is attached hereto as Exhibit A.

12. The '221 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '221 Patent by making, using, importing,

selling, and/or offering for media content storage and delivery systems and services covered by one or more claims of the '221 Patent.

14. Defendant sells, offers to sell, and/or uses media content storage and delivery systems and services, including, without limitation, the CenturyLink Smart Home system, and any similar products ("Product"), which infringes at least Claim 1 of the '221 Patent.

15. The Product is a system for media content storage and delivery (e.g. videos captured from security cameras can be stored and delivered to a smartphone or other device). The Product necessarily includes at least one server for hosting and storing media content for customers. For example, the Product necessarily includes at least one server to store recorded security videos. Certain aspects of these elements are illustrated in the screen shots below and/or in screen shots provided in connection with other allegations herein.



http://www.centurylink.com/assets/pdfs/Smart_Home_Complete_User_Guide.pdf





16.     The at least one server necessarily includes a first receiver configured to receive a request message including data indicating requested media content (e.g., the server must have infrastructure to receive a request to store recorded security videos or to stream recorded video on a smartphone; additionally, the request message must contain data that identifies the video to be stored or streamed) and a consumer device identifier corresponding to a consumer device (e.g., the user credentials are used to associate a smartphone and user account to particular cameras and the videos they produce). Certain aspects of these elements are illustrated in the

screen shot below and/or in screen shots provided in connection with other allegations herein.



17.     The Product necessarily includes a first processor in communication with the first receiver, the first processor configured to determine whether the consumer device identifier corresponds to the registered consumer device (e.g., the server must authenticate a user's account credentials and ensure that those credentials match those registered with a security camera which a user would like to access).

18.     The Product provides for both media downloads and/or storage, and media streaming.  A processor within the Product necessarily determines if a consumer device identifier

corresponds to the registered consumer device (e.g., the processor determines if a smartphone is registered to be associated with particular security cameras based upon a user's login credentials). Upon confirming registration, the processor is further configured to determine whether the request message is one of a storage request message and a content request message (e.g., the processor differentiate a user's request to store videos from a user's request to stream live content from the security camera).

19. The server verifies that media content (e.g., specific recording from a specific camera) identified in the media data of the storage request message (e.g., request to record content to the cloud) is available for storage in order to prevent data errors that would result from attempting to store content that is not available for storage (e.g., the server must verify that a particular security camera is adequately connected to the Internet as to allow for video recording and storage on the cloud; additionally, a user's ability to store video is limited to a certain amount of memory usage based upon their subscription; thus media content may not be available for storage if a user is already above their memory limit). Certain aspects of these elements are illustrated in the screen shot below and/or in screen shots provided in connection with other allegations herein.

| Introductory Offer Equipment Included* *See Details* Features | Silver $34⁹⁹ | Gold $44⁹⁹ | Platinum $54⁹⁹ |
|---|---|---|---|
| 24/7 Monitoring | ✓ | ✓ | ✓ |
| Web, Smartphone and Tablet Access | ✓ | ✓ | ✓ |
| SMS Text and Email Alerts | ✓ | ✓ | ✓ |
| Control Lights and Small Appliances | ✓ | ✓ | ✓ |
| Motion Detector | ✓ | ✓ | ✓ |
| Key Fob | ✓ | ✓ | ✓ |
| Smartplugs | ✓ | ✓ | ✓ |
| Camera | | ✓ | ✓ |
| YOUR CHOICE OF Electronic Door Locks OR Camera | | | ✓ |
| Additional Camera | | | ✓ |

http://www.centurylink.com/home/smarthome/

20. If a customer requests content (e.g., live streaming of media content), then a processor within the Product necessarily initiates delivery of the content to the customer's device. The server will initiate delivery of the requested media content to the consumer device (e.g., stream live camera feed to a smartphone or tablet) if the request message is a content request message (e.g., request for live streaming).

21. The media data includes time data that indicates a length of time to store the requested media content (e.g., a user is allowed to store videos for maximum of 30 days and the number of camera's as based upon their subscription level (e.g., additional camera's in Platinum subscription level)).

22. The server must first determine whether the requested media content exists prior to initiating delivery in order to prevent data errors that would result from attempting to transmit media content that does not exist (e.g. the server must verify that a particular security camera is

adequately connected to the internet as to allow for video recording and streaming).   23.

After the processor determines whether the requested media content is available, it determines whether there are restrictions associated with the requested media content (e.g., subscription level, component protocols, number of cameras included in the subscription, etc.).

24   Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

25.   Defendant's actions complained of herein is causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

26.   Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of United States Patent No. 8,856,221 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: August 2, 2018                    Respectfully submitted,


*/s/ Jay Johnson*
**JAY JOHNSON**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON, PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kpllc.com
bkizzia@kpllc.com


**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A